Exhibit "1"

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

CAUSE NO. 21-08-40357-MCVAJA

| | | |
|---|---|---|
| YESSICA GARCIA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | 365TH JUDICIAL DISTRICT |
| | § | |
| INFINITY TRANSPORTATION, INC. | § | |
| *Defendant* | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCLOSURES

TO THE HONORABLE JUDGE AND JURY OF THE COURT:

NOW COMES, YESSICA GARCIA", hereinafter "YESSICA", and sometimes referred to as "Plaintiff" and file her *Original Petition* complaining of INFINITY TRANSPORTATION, INC., its employees, partners, drivers and/or agents, and/or representatives, including THAER IBRAHIM AL-LAMI hereinafter referred to as "AL-LAMI" and both/all sometimes collectively referred to as "Defendant" and for numerous causes of action as hereinafter stated, would respectfully show, as follows:

I.

1.1  Pursuant to the Texas Rules of Civil Procedure, discovery in this matter should be conducted under Level 3.

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

II.

## PARTIES

2.1   Plaintiff YESSICA GARCIA is an individual and resident of Eagle Pass, Maverick County, Texas.

2.2   Defendant INFINITY TRANSPORTAION, INC. is a foreign corporation based at 3200 E. 10 Mile Rd., Warren, Michigan 48091 who regularly conducts business in the State of Texas. Service of process may be effectuated by serving said business through its registered agent: Hussam Shamaya, 2201 Center Wood Drive, Warren, Michigan 48091.

III.

## JURISDICTION and VENUE

3.1   Venue is proper pursuant to Section 15.002(a)(2) of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Maverick County, Texas.

3.2   The Court has jurisdiction over Defendant because said Defendant purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

3.3   Plaintiff would show that Defendant had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

3.4   Furthermore, Plaintiff would show that Defendant engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state. Furthermore, Defendant have derived benefits, and/or economic profits from Texas. Additionally, Defendant do business in Texas thereby intending to serve the Texas market.

3.5   Plaintiff seeks monetary relief over $1,000,000.00

IV.

## NATURE OF CAUSE

4.1   Plaintiff bring her cause of action to recover damages for personal injuries, and other damages sustained by him and arising out of a motor vehicle collision, occurring on or about May 27, 2021 in or around Maverick County, Texas.

V.

## FACTS

5.1   On May 27, 2021, Plaintiff, YESSICA was driving a 2015 White Ford Explorer. YESSICA was traveling east on Highway 277 in a lawful turning lane turning onto eastbound N. Veterans Blvd, in Maverick County, Texas. YESSICA was operating her

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

vehicle in a reasonable, lawful and prudent manner exercising ordinary care for the safety of others, as well as her own when a 2020 Gray Freightliner, operated by AL-LAMI, an employee, partner, vice-principal, driver and/or agent of Defendant INFINITY, suddenly and unexpectedly struck the rear driver side of Plaintiff's vehicle by wrongfully turning into the lawful lane the Plaintiff occupied. The Defendant's negligence was a proximate cause of the violent crash. AL-LAMI operated the Freightliner in an imprudent, reckless, careless manner when he collided into the Plaintiff's vehicle. The collision and impact on the Plaintiff are a result of AL-LAMI's negligent and gross negligent operation of the Freightliner causing the serious and permanent injuries to YESSICA.

VI.

## RESPONDEAT SUPERIOR

6.1 At the time of the collision described herein, AL-LAMI was the agent, driver, servant and/or employee of INFINITY and was acting within the course and scope of her employment as agent, driver, servant and/or employee of Defendant INFINITY. AL-LAMI was operating the Freightliner with the knowledge, consent, and actual permission and/or implied permission of Defendant INFINITY. Therefore, the Defendant INFINITY are liable for all of Plaintiff's damages under the *Doctrine of Respondeat Superior* since the negligence of INFINITY's employees, agents or representatives was a proximate cause of the injuries and damages described herein.

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

## VII.

## AGENT

7.1  In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident mentioned herein, AL-LAMI was the agent of Defendant INFINITY and was acting within the course and scope of her implied and/or express authority as such agent. Therefore, Defendant INFINITY is liable for Plaintiff's damages under the *Doctrine of Respondeat Superior*.

## VIII.

## JOINT-VENTURE/ JOINT-ENTERPRISE

8.1  At all times mentioned herein, the Defendant INFINITY and AL-LAMI were engaged in a joint-venture enterprise in that AL-LAMI was in route to further the business of Defendant INFINITY and/or AL-LAMI, individually. Each of them shared control of the Freightliner at the time of the incident described herein. AL-LAMI by actually operating the Freightliner and INFINITY by planning his course of travel and destination and directing the former as to the route and times to be followed in furtherance of their mutual enterprise. Further, among other things, they had an agreement regarding the enterprise or endeavor in question (i.e., AL-LAMI's trip on March 22, 2021; a common purpose and a common business and pecuniary interest in the enterprise). Therefore, INFINITY is liable for all of the Plaintiff's damages.

IX.

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

## NEGLIGENCE (AL-LAMI)

9.1   Plaintiff would show that on the occasion in question, AL-LAMI was negligent in numerous and various acts and omissions, including but not limited to the following, said negligence being a proximate cause of the collision in question:

1. In failing to keep a proper lookout for YESSICA ;

2. In operating the Freightliner in an unsafe manner;

3. In operating the Freightliner in a manner which posed a danger to the traveling public;

4. In failing to properly operate the Freightliner in order to avoid the collision in question;

5. In failing to take evasive action in order to avoid the collision;

6. In failing to maintain proper control of her Freightliner;

7. In operating the Freightliner in an un-alert physical and mental state of being, knowing that it was unsafe to do so.

8. In operating the Freightliner against the rules and regulations of the Texas Department of Public Safety;

9. In failing to timely apply the brakes to the Freightliner;

10. In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS;

11. In failing to control her speed; and

12. In failing to maintain an assured clear distance between her vehicle and the Plaintiff's vehicle.

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

9.2   Each and all of the above and foregoing acts, both of omission and commission were negligent and constituted negligence, each and all a proximate cause of the serious personal and permanent injuries suffered by YESSICA and made the basis of her suit for damages.

X.

## NEGLIGENCE PER SE (AL-LAMI)

10.1   Plaintiff would further show that AL-LAMI was negligent per se as a matter of law in driving her Freightliner upon a public highway in a reckless manner:

1. V.T.C.A., Transportation Code, Section 545.351(b)(2) states in relative part that: "A person commits an offense if the person fails to control the speed of her vehicle as a reasonable and prudent person would have done under the same or similar circumstances;" and

2. Transportation Code § 545.401, VTCS states: "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property".

10.2   Plaintiff YESSICA was among those persons intended to be protected by Vernon's Texas Civil Statutes, Texas Transportation Code §§ 545.351(b)(2) and 545.401. AL-LAMI failed to comply with the provisions of said statutes and the violations constitute negligence per se, as a matter of law. Plaintiff reserves the right to amend ther petition upon the discovery of further statutory violations.

XI.

## NEGLIGENT ENTRUSTMENT AND HIRING
## (INFINITY)

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

11.1 In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident in question, Defendant INFINITY maintained control, along with AL-LAMI, over the Freightliner AL-LAMI was operating. On and before May 27, 2021, Defendant INFINITY was negligent in hiring, employing entrusting and supervising AL-LAMI and in providing a dangerous instrument eg. the Freightliner, to AL-LAMI for the purpose of operating same on the public streets and highways of Texas in furtherance of Defendant INFINITY's business and profits. Thereafter, AL-LAMI operated the Freightliner with the full knowledge, consent and permission of Defendant INFINITY. At all times herein, AL-LAMI was incompetent and unfit to safely operate a Freightliner on and of the public streets and highways of any state or country in that AL-LAMI was a reckless, incompetent and an unfit driver and INFINITY knew, or should have known AL-LAMI was an incompetent, reckless and an unfit driver and that he would create an unreasonable risk and danger to persons and property on the public streets and highways of Texas in that AL-LAMI was a reckless, incompetent and unfit driver.

11.2 In addition, INFINITY was negligent in various acts and omissions, including but not limited to the following:

   1.   In the hiring of AL-LAMI;

   2.   In failing to properly investigate AL-LAMI's driving ability, prior employment history and driving history;

   3.   In failing to properly train AL-LAMI to drive INFINITY's Freightliner in a safe and prudent manner;

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

4. In failing to properly supervise AL-LAMI to ensure that he would operate Defendant INFINITY's Freightliner in a safe and prudent manner;

5. In failing to make a prudent inquiry into the driving competency of AL-LAMI;

6. In entrusting the vehicle driven by AL-LAMI on the occasion in question in that AL-LAMI was an unskilled, incompetent and reckless driver, of which INFINITY knew or through the exercise of ordinary care, should have known;

7. In allowing the INFINITY's Freightliner to have been operated on the occasion in question by an individual, i.e., AL-LAMI, who was not properly qualified to operate such freightliner;

11.3   Each and all of the above foregoing acts, were negligent and constituted negligence and were each a contributing proximate cause of the collision and damages made the basis of her suit.

XII.

PERSONAL INJURY DAMAGES

12.1   Plaintiff YESSICA would show that as a proximate cause of the negligence of the Defendant, she has suffered serious and permanent injuries to her body. In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of her natural life. The injuries have had a serious effect on Plaintiff's health and well-being. Some of these ill effects are permanent and will abide with the Plaintiff long into the future. Plaintiff's ill effects have, in turn, caused her physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability cause him to suffer the consequences and ill effects of

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irianda Villa, Deputy

such deterioration throughout her body long into the future, if not for the balance of her natural life for which Plaintiff hereby sues the Defendant in an amount the Jury deems just and fair.

12.2   Plaintiff YESSICA would show as a result of the above described injuries, she has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; (d) loss of wages and a loss of wage earning capacity in the past and future; and, (e) necessary and reasonable medical expenses in the past. These past expenses were incurred for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Val Verde, Maverick and Bexar County. As a further result of the physical injuries sustained by Plaintiff YESSICA, there is a reasonable probability that she will incur additional necessary expenses for medical care and attention in the future, all for which Plaintiff hereby sues the Defendant in an amount within the jurisdictional limits of the Court.

XIII.

INITIAL DISCLOSURE

13.1   Pursuant to Tex. R. Civ. P. 194, Defendant must disclose, within thirty (30) days after the filing of the first answer, the information or material described in Rule 194.2 (a)-(1).

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

## XIV.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

14.1  Plaintiff further alleges that Plaintiff is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by Section 304.001 *et. seq.* of the Texas Finance Code, VTCS.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that all the Defendant be cited to appear and answer herein, that upon a final trial of her cause, Plaintiff recover judgment against Defendant for all Plaintiff's damages as set forth herein; that Plaintiff recover pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which Plaintiff may be entitled under equity and in law.

Respectfully submitted,

NEVÁREZ LAW GROUP, P.C.
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: *[signature]*

ALFONSO NEVÁREZ C.
TEXAS STATE BAR NO. 24005376
ANC@NEVAREZLAWGROUP.COM
MARILIZA V. WILLIAMS
TEXAS STATE BAR NO. 24084651
MVW@NEVAREZLAWGROUP.COM

ATTORNEYS FOR PLAINTIFF

Electronically Filed at
8/31/2021 2:33 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Irlanda Villa, Deputy

## JURY DEMAND

NOW COMES the Plaintiff in the above-styled and numbered cause and with all respect request a trial by a fair and impartial Court and Jury as is guaranteed by the United States of America and the State of Texas Constitutions.

*[signature]*

MARILIZA V. WILLIAMS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Rodriguez on behalf of Mariliza Williams
Bar No. 24084651
mr@nevarezlawgroup.com
Envelope ID: 56830876
Status as of 8/31/2021 2:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Alfonso Nevarez | | anc@nevarezlawgroup.com | 8/31/2021 2:33:32 PM | SENT |
| Mariliza V. Williams | | mvw@nevarezlawgroup.com | 8/31/2021 2:33:32 PM | SENT |
| Monica Rodriguez | | mr@nevarezlawgroup.com | 8/31/2021 2:33:32 PM | SENT |
| Carmen Menchaca | | cm@nevarezlawgroup.com | 8/31/2021 2:33:32 PM | SENT |